UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY X. GERALD,
LAVELLE DUFF, ADONTE CHERRY,
and JERMAINE ADAMS,
    Petitioners,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-603

McFarland J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioners, currently confined at the Lebanon Correctional Institution (LeCI), have filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. (*See* Doc. 1-1, at PageID 18). In their pleading, petitioners do not challenge the constitutionality of their convictions; rather, they seek an immediate or speedier release from custody due to COVID-19. (*See* Doc. 1-1, at PageID 18, 23).

**Preliminary Matters**

**A.**    **Severance**

Multiple petitioners generally are not permitted to file a single habeas petition. *See Acord v. California*, No. 1:17-cv-1089, 2017 WL 4699835, at *1 (E.D. Cal. Oct. 19, 2017) (citing cases). "Allowing multiple petitioners to proceed on a single petition presents a multitude of difficulties," including that "[t]here may be allegations, defenses, evidence, or legal theories that are distinctly applicable to each petitioner," and it may be "difficult for multiple petitioners to remain in communication, to develop a joint strategy, and to draft and sign documents for joint submission." *Id*.

Ordinarily, the Court would enter an appropriate order severing the action. However, in the interest of judicial economy, the Court will consider severance, as necessary, following the initial screening of the underlying petition.[1]

## B.     Required Filing Fee

The total filing fee due in this habeas corpus action is $5.00. While petitioners Gerald, Duff, and Adams have each filed individual *in forma pauperis* applications, it appears from the respective applications that only petitioners Gerald and Duff are unable to pay the costs or to give security for such costs. Accordingly, it is **ORDERED** that petitioners **Gerald's and Duff's** respective motions for leave to proceed *in forma pauperis* (Docs. 1, 2) are **GRANTED**, and the Court hereby authorizes the commencement of this action as to petitioners Gerald and Duff without prepayment of such costs and fees. 28 U.S.C. § 1915.

Petitioner Adams' application demonstrates that he has sufficient funds available to pay the full $5.00 filing fee. Accordingly, it is **RECOMMENDED** that petitioner **Adams'** application for leave to proceed *in forma pauperis* (Doc. 3) be **DENIED,** and that petitioner Adams be ordered to pay the **full filing fee of $5.00** within **thirty (30) days** of the date of any Order adopting this Report and Recommendation.

Petitioner Cherry has neither paid the $5.00 filing fee nor sought leave to proceed without prepayment of fees.[2] Should petitioner Cherry wish to pursue this action, he is **ORDERED** to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees **within thirty (30) days** of the date of this Order.

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and  "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases also applies to petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

[2] Petitioner Cherry, however, has filed a notice indicating his intent to pay the $5 filing fee. (*See* Doc. 1-4).

**Analysis**

Petitioners Gerald and Duff[3] seek release from confinement based upon COVID-19. They assert that their continued incarceration violates their right under the Eighth Amendment to be free from cruel and unusual punishment. (*See* Doc. 1-1, at PageID 18). Generally, § 2254 "is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Van Diver v. Nagy*, No. 20-11340, 2020 WL 4696598, at *2 (E.D. Mich. Aug. 13, 2020). However, the Sixth Circuit has recently found that a habeas action brought by Michigan pretrial detainees and convicted prisoners and raising claims similar to those at issue here could be properly brought under § 2241. *See Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *1 (6th Cir. July 9, 2020). *See also Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."). In light of the Sixth Circuit's recent decisions in *Cameron* and *Wilson*, the undersigned is persuaded that petitioners Gerald and Duff's claims in the underlying habeas corpus petition are properly brought under § 2241. *See also Van Diver v. Nagy*, No. 20-11340, 2020 WL 4696598 (E.D. Mich. Aug. 13, 2020) (allowing similar claims to proceed under § 2241); *Blackburn v. Noble*, No. 3:20-cv-46-GFVT, 2020 WL 4758358 (E.D. Ky. Aug. 17, 2020) (same).

To be entitled to habeas relief in this action, petitioners Gerald and Duff would have to satisfy the Eighth Amendment deliberate indifference standard. *See Cameron*, 2020 WL 3867393, at *4-8. In *Cameron*, the Sixth Circuit reiterated the relevant standard as follows:

---

[3]Because only petitioners Gerald and Duff have either paid the $5.00 filing fee or been granted leave to proceed without prepayment of fees, the Court considers the underlying habeas corpus petition only as to these petitioners at this time.

> Conditions-of-confinement claims are assessed under the "deliberate indifference" framework. *See* [*Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)]. This framework requires plaintiffs to meet two requirements. The first is "objective[ ]," and it requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer* [*v. Brennan*], 511 U.S. [825,] 833 [(1994)] (*citing Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). The second is "subjective," and it requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839–40, 114 S.Ct. 1970.

*Id.* at *4.

Here, it is alleged that prior to Governor DeWine declaring a state of emergency due to COVID-19 in March 2020, hundreds of inmates at LeCI, including petitioners, had flu-like symptoms but were unaware that their symptoms were from COVID-19. (Doc. 1-1, at PageID 19-20). Petitioners further allege that one inmate died, but it was unknown at the time that the death was from COVID-19. (Doc. 1-1, at PageID 20). Petitioners assert that during the same time period, several LeCI corrections officers were getting sick and spreading the illness to inmates. (Doc. 1-1, at PageID 20). According to petitioners, even after the Governor declared a state of emergency, one of these officers, who is younger than thirty-five years old, was permitted to work in a dormitory designed to house older inmates. (Doc. 1-1, at PageID 20). Petitioners assert that another corrections officer in the same dormitory "walks around looking for people she doesn't like (or that other staff directs her at) taking off her mask and yelling at them using COVID-19 as a weapon to hopefully cause an inmate to get sick." (Doc. 1-1, at PageID 20).

Petitioners Gerald and Duff also assert that some LeCI inmates are using COVID-19 to get a cell move or to relocate within LeCI, and that some staff members are using "opportunistic inmates as an opportunity to lock down entire dorms so they have to do less work and can take

sick leave for 2-weeks while being paid." (Doc. 1-1, at PageID 21). Further, petitioners assert that educational and work programs designed to promote rehabilitation and reduce recidivism and which allow inmates to earn "days off their sentence" and parole opportunities are being suspended due to COVID-19. (Doc. 1-1, at PageID 19, 21-22).

Considering the above allegations, petitioners Gerald and Duff have failed to allege facts from which the Court can infer a violation of their Eighth Amendment rights. Although the Court is sympathetic to petitioners' concerns regarding COVID-19, [4] neither Gerald nor Duff asserts that any LeCI staff members in their housing units or elsewhere exhibited deliberate indifference to either inmate's exposure to COVID-19. Moreover, to the extent that petitioners allege that they were infected with COVID-19, they do not allege that they requested or were denied medical treatment for their symptoms. (*See* Doc. 1-1, at PageID 19-20). In fact, it appears from a grievance form attached to the petition that petitioner Gerald did not request medical treatment for his symptoms, which he stated in the grievance improved after about three days. (*See* Doc. 1-1, at PageID 27). Conclusory allegations are insufficient to warrant federal habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007).

Additionally, to the extent that petitioners Gerald and Duff assert that they are being denied institutional programming that would allow them to reduce their prison time, such a claim does not state a constitutional violation. *See Afrah v. Napolitano*, No. 4:12-CV-1903, 2012 WL

---

[4] The Sixth Circuit has stated the following regarding COVID-19:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

3309682, at *3 (N.D. Ohio Aug. 13, 2012) (citing *Olim v. Wakinekona,* 461 U.S. 238 (1983); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1 (1979)).

Petitioners Gerald and Duff are thus not entitled to habeas relief. The petition should therefore be dismissed with prejudice as to petitioners Gerald and Duff.[5]

### IT IS THEREBY ORDERED THAT:

1. Petitioners **Gerald and Duff's** respective motions for leave to proceed *in forma pauperis* (Docs. 1, 2) are **GRANTED**, and the Court hereby authorizes the commencement of this action as to petitioners Gerald and Duff without prepayment of such costs and fees. 28 U.S.C. § 1915.

2. Should petitioner **Cherry** wish to pursue this action, he is **ORDERED** to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees **within thirty (30) days** of the date of this Order. Petitioner Cherry is advised that failure to comply with this Order will result in the dismissal of this action for want of prosecution. **THE CLERK OF COURT IS DIRECTED** to submit to petitioner Cherry an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form.

---

[5] Before the Court may grant habeas relief to a state prisoner, a prisoner must ordinarily exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to § 2241 petitions. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). However, the Court may consider unexhausted claims where "'unusual' or 'exceptional' circumstances" exist. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000) (quoting *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (citing *Granberry v. Greer*, 481 U.S. 129 (1987))). Here, petitioners Gerald and Duff assert that they exhausted their claims by presenting them in an original habeas corpus action to the Ohio Supreme Court. (*See* Doc. 1-1, at PageID 17-18). Because petitioners Gerald and Duff are not entitled to habeas relief for the reasons stated herein, the Court need not determine whether petitioners exhausted their claims prior to bringing this action. *See Cameron*, 2020 WL 3867393, at *4 ("And because we conclude that Plaintiffs' claims fail on the merits, we decline to address the non-jurisdictional procedural questions.").

**IT IS THEREBY RECOMMENDED THAT**:

1. Petitioner **Adams'** application for leave to proceed *in forma pauperis* (Doc. 3) be **DENIED,** and that petitioner Adams be ordered to pay the **full filing fee of $5.00** within **thirty (30) days** of the date of an Order adopting this Report and Recommendation.

2. The petition for a writ of habeas corpus (Doc. 1-1) be **DENIED** with prejudice with respect to petitioners Gerald and Duff.

3. A certificate of appealability should not issue with respect to the petition because petitioners Gerald and Duff have not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[6]

4. With respect to any application by a petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** any petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Karen L. Litkovitz
United States Magistrate Judge

---

[6]*See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) ("Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.").

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JEREMY X. GERALD,
LAVELLE DUFF, ADONTE CHERRY,
and JERMAINE ADAMS,
    Petitioners,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-603

McFarland J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).