UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY X. GERALD, LAVELLE DUFF, ADONTE CHERRY, and JERMAINE ADAMS,<br>    Petitioners, | Case No. 1:20-cv-603<br><br>McFarland J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION,<br>    Respondent. | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |

Petitioners,[1] four incarcerated individuals who are currently confined at the Lebanon Correctional Institution (LeCI), have filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. (*See* Doc. 5, at PageID 70). In their pleading, petitioners do not challenge the constitutionality of their convictions; rather, they seek an immediate or speedier release from custody due to COVID-19. (*See* Doc. 5, at PageID 70, 75).[2]

On August 27, 2020, the undersigned permitted two of the petitioners, Jeremy X. Gerald and Lavelle Duff, to proceed *in forma pauperis* in this action but recommended that the petition for a writ of habeas corpus be denied with prejudice with respect to their claims. (*See* Doc. 4, at

---

[1]Multiple petitioners generally are not permitted to file a single habeas petition. *See Acord v. California*, No. 1:17-cv-1089, 2017 WL 4699835, at *1 (E.D. Cal. Oct. 19, 2017) (citing cases). However, in the interest of judicial economy and in light of the below recommendation to deny the underlying habeas corpus petition with prejudice at the screening stage, the Court does not reach the issue of severance at this time.

[2]Generally, § 2254 "is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Van Diver v. Nagy*, No. 20-11340, 2020 WL 4696598, at *2 (E.D. Mich. Aug. 13, 2020). However, the Sixth Circuit has recently found that a habeas action brought by Michigan pretrial detainees and convicted prisoners and raising claims similar to those at issue here could be properly brought under § 2241. *See Cameron v. Bouchard*, 815 F. App'x 978, 980 (6th Cir. 2020). *See also Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."). In light of the Sixth Circuit's recent decisions in *Cameron* and *Wilson*, the undersigned is persuaded that petitioners may proceed in this action under § 2241. *See also Van Diver*, 2020 WL 4696598, at *2 (allowing similar claims to proceed under § 2241); *Blackburn v. Noble*, No. 3:20-cv-46-GFVT, 2020 WL 4758358 (E.D. Ky. Aug. 17, 2020) (same).

PageID 65-66). The August 27, 2020 Order and Report and Recommendation is currently pending before the District Court.

The August 27, 2020 Order and Report and Recommendation, however, did not address the claims of petitioners Jermaine Adams or Adonte Cherry. (*See* Doc. 4, at PageID 62, n.3). Because it appeared that petitioner Adams had sufficient funds available to pay the full $5.00 filing fee, it was recommended that petitioner Adams' application for leave to proceed *in forma pauperis* (Doc. 3) be denied and that he be ordered to pay the full filing fee of $5.00 within thirty days of the date of an Order adopting the Report and Recommendation (*see* Doc. 4, at PageID 66). Further, because petitioner Cherry had neither paid the $5.00 filing fee nor sought leave to proceed without prepayment of fees, petitioner Cherry was ordered to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty days if he wished to pursue this action (*see* Doc. 4, at PageID 65).

Petitioners Adams and Cherry have now both paid the $5.00 filing fee. (*See* Docs. 7, 8). In light of petitioner Adams' payment of the $5.00 filing fee, the Court **MODIFIES** the August 27, 2020 Report and Recommendation (Doc. 4) insofar as the Court recommended therein to deny Adams' motion to proceed *in forma pauperis* (Doc. 3) based on his having sufficient funds. The Court instead **RECOMMENDS** that Adams' motion to proceed *in forma pauperis* (Doc. 3) be **DENIED as moot**. The undersigned further **SUPPLEMENTS** the August 27, 2020 Order and Report and Recommendation (Doc. 4) with the following analysis of petitioner Adams' and petitioner Cherry's claims.

### Analysis of Habeas Corpus Petition as to Petitioners Adams and Cherry

As with petitioners Gerald and Duff**,** petitioners Adams and Cherry seek release from confinement based upon COVID-19. They assert that their continued incarceration violates their

right under the Eighth Amendment to be free from cruel and unusual punishment. (*See* Doc. 5, at PageID 70). For the reasons stated in the August 27, 2020 Order and Report and Recommendation, and reiterated below as to the claims of petitioners Adams and Cherry, the petition for a writ of habeas corpus (Doc. 5) should be denied in its entirety with prejudice.[3]

To be entitled to habeas relief in this action, petitioners Adams and Cherry would have to satisfy the Eighth Amendment deliberate indifference standard. *See Cameron*, 815 F. App'x at 984-85. *See also Blackburn*, 2020 WL 4758358, at *5-6. In *Cameron*, the Sixth Circuit reiterated the relevant standard as follows:

> Conditions-of-confinement claims are assessed under the "deliberate indifference" framework. *See* [*Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)]. This framework requires plaintiffs to meet two requirements. The first is "objective[ ]," and it requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer* [*v. Brennan*], 511 U.S. [825,] 833 [(1994)] (citing *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). The second is "subjective," and it requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839–40, 114 S.Ct. 1970.

*Cameron*, 815 F. App'x at 984.

Here, it is alleged that prior to Governor DeWine declaring a state of emergency due to COVID-19 in March 2020, hundreds of inmates at LeCI, including petitioners, had flu-like symptoms but were unaware that their symptoms were from COVID-19. (Doc. 5, at PageID 71-72). Petitioners Adams and Cherry further allege that one inmate died, but it was unknown at the time that the death was from COVID-19. (Doc. 5, at PageID 72). Petitioners assert that during

---

[3] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases also applies to petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

the same time period, several LeCI corrections officers were getting sick and spreading the illness to inmates. (Doc. 5, at PageID 72). According to petitioners, even after the Governor declared a state of emergency, one of these officers, who is younger than thirty-five years old, was permitted to work in a dormitory designed to house older inmates. (Doc. 5, at PageID 72). Petitioners assert that another corrections officer in the same dormitory "walks around looking for people she doesn't like (or that other staff directs her at) taking off her mask and yelling at them using COVID-19 as a weapon to hopefully cause an inmate to get sick." (Doc. 5, at PageID 72).

Petitioners Adams and Cherry also assert that some LeCI inmates are using COVID-19 to get a cell move or to relocate within LeCI, and that some staff members are using "opportunistic inmates as an opportunity to lock down entire dorms so they have to do less work and can take sick leave for 2-weeks while being paid." (Doc. 5, at PageID 73). Further, petitioners assert that educational and work programs designed to promote rehabilitation and reduce recidivism and which allow inmates to earn "days off their sentence" and parole opportunities are being suspended due to COVID-19. (Doc. 5, at PageID 71, 73-74).

Considering the above allegations, petitioners Adams and Cherry have failed to allege facts from which the Court can infer a violation of their Eighth Amendment rights. Although the Court is sympathetic to petitioners' concerns regarding COVID-19,[4] neither Adams nor Cherry asserts that any LeCI staff members in their housing units or elsewhere exhibited deliberate

---

[4]The Sixth Circuit has stated the following regarding COVID-19:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

4

indifference to either inmate's exposure to COVID-19. Moreover, to the extent that petitioners allege that they were infected with COVID-19, they do not allege that they requested or were denied medical treatment for their symptoms. (*See* Doc. 5, at PageID 71-72).[5] Conclusory allegations are insufficient to warrant federal habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *cf. Neal-El v. Whitmer*, No. 2:20-CV-11539, 2020 WL 4346958, at *3 (E.D. Mich. July 29, 2020) ("[W]hile Petitioner states that he tested positive for the virus in May, 2020, he does not allege facts showing that the prison failed to treat him, that his medical needs were (or are) not being met, or that alternative incarceration or release from custody is necessary at this time.").

Additionally, to the extent that petitioners Adams and Cherry assert that they are being denied institutional programming that would allow them to reduce their prison time, such a claim does not state a constitutional violation. *See Afrah v. Napolitano*, No. 4:12-CV-1903, 2012 WL 3309682, at *3 (N.D. Ohio Aug. 13, 2012) (citing *Olim v. Wakinekona,* 461 U.S. 238 (1983); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1 (1979)).

Petitioners Adams and Cherry are thus not entitled to habeas relief. The petition should therefore be **DENIED with prejudice** as to petitioners Adams and Cherry.[6]

---

[5]In fact, it appears from a grievance form attached to the petition that petitioner Gerald did not request medical treatment for his symptoms, which he stated in the grievance improved after about three days. (*See* Doc. 5, at PageID 79).

[6]Before the Court may grant habeas relief to a state prisoner, a prisoner must ordinarily exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to § 2241 petitions. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) (per curiam). However, the Court may consider unexhausted claims where "'unusual' or 'exceptional' circumstances" exist. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000) (quoting *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (citing *Granberry v. Greer*, 481 U.S. 129 (1987))). Here, petitioners assert that they exhausted their claims by presenting them in an original habeas corpus action to the Ohio Supreme Court. (*See* Doc. 5, at PageID 69-70). Because petitioners Adams and Cherry are not entitled to habeas relief for the reasons stated herein, the Court need not determine whether petitioners exhausted their claims prior to bringing this action. *See Cameron*, 815 F. App'x at 983, n.1 ("And because we conclude that Plaintiffs' claims fail on the merits, we decline to address the non-jurisdictional procedural questions.").

**IT IS THEREFORE RECOMMENDED THAT**:

1. Because petitioner **Adams** has paid the $5.00 filing fee, petitioner **Adams'** application for leave to proceed *in forma pauperis* (Doc. 3) be **DENIED as moot.**

2. The petition for a writ of habeas corpus (Doc. 5) be **DENIED with prejudice** with respect to petitioners **Cherry** and **Adams**, and for the reasons set forth in the Court's August 27, 2020 Order and Report and Recommendation (Doc. 4), the petition (Doc. 5) also be **DENIED with prejudice** with respect to petitioners **Gerald and Duff**, and that this action be **DISMISSED** in its entirety.

3. A certificate of appealability should not issue with respect to the petition because none of the petitioners have stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[7]

4. With respect to any application by a petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** any petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

9/29/2020
Date

Karen L. Litkovitz
United States Magistrate Judge

---

[7] *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) ("Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.").

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JEREMY X. GERALD, LAVELLE DUFF, ADONTE CHERRY, and JERMAINE ADAMS,<br>    Petitioners, | Case No. 1:20-cv-603<br><br>McFarland J.<br>Litkovitz, M.J. |
| vs. | |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).